**FILED**
**U.S. District Court**
**District of Kansas**
08/11/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3244-JWL**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner Malik W. Dorsey filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff is incarcerated at the Saline County Jail in Salina, Kansas. He has been granted leave to proceed in forma pauperis. (Doc. 6.) The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified in this order. If he fails to do so, this matter will be dismissed without further prior notice to him. Also before the Court is Plaintiff's motion for relief (Doc. 7), which will be denied for the reasons set forth below.

## I. Nature of the Matter before the Court

It is not clear what parties Plaintiff intends to name as Defendants in this matter. The caption of the form complaint identifies "the United States of America/Saline Co[.]" as the Defendants. (Doc. 1, p. 1.) The portion of the form complaint for providing additional information about each Defendant, when liberally construed, indicates that Plaintiff wishes to name the Saline County Jail *and* the United States of America as Defendants. *Id.* (identifying the first defendant as

"Saline Co Jail/USA"). However, Plaintiff writes his own name on the space for identifying the second defendant. *Id.* at 2. As the background to this case, Plaintiff asserts that on April 15, 2026, K. Bunger punched Plaintiff three times, after which Plaintiff was dragged across the pod by his handcuffs. *Id.* Corrections Officer Tedlock Toneys then picked Plaintiff up by his neck. *Id.* The following afternoon, Toneys smacked Plaintiff and bashed his head into the ground, cracking his skull. *Id.* Plaintiff also asserts that unnamed individuals are placing methamphetamine, rat poison, chemicals, and urine in his food. *Id.*

In Count I of this case, Plaintiff alleges aggravated battery, attempted murder, sexual assault, excessive force, retaliation, and abuse of authority. *Id.* at 3. As supporting facts for Count I, Plaintiff asserts that at around 10:49 a.m. on April 24, 2026, "C/O Toneys" sat on Plaintiff, then picked him up by his neck and slammed his head into the ground three times, cracking Plaintiff's skull. *Id.* In Count II, Plaintiff alleges food poisoning, aggravated battery, excessive force, retaliation, and attempted murder. *Id.* As supporting facts for Count II, Plaintiff states that on April 16, 2026, Toneys smacked him, punched him, and smashed his head into the ground two times, also cracking Plaintiff's skull on this occasion. *Id.*

In Count III, Plaintiff alleges that his food is being poisoned. *Id.* at 4. As supporting facts for Count III, Plaintiff asserts that from February to July, "they" have been putting methamphetamine, rat poison, and other things in his food, including chemicals and drugs. *Id.* As relief in this case, Plaintiff seeks to have his pending state criminal charges dropped and his criminal record expunged, and he asks for $900,000,000,000,000.00. *Id.* at 5. Through the "motion for relief" Plaintiff filed on August 10, 2026, he seeks additional relief. (Doc. 7.) The motion will be addressed below.

## II. Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III. Discussion

### A. Defendants

This matter is subject to dismissal because the identities of the Defendants remains unclear and, to the extent specific Defendants can be identified, they are not proper Defendants to a suit under 42 U.S.C. § 1983. The Court presumes that Plaintiff did not intend to name himself as a Defendant. Liberally construed, the complaint also names the United States of America and the Saline County Jail as Defendants. (Doc. 1, p. 1.)

The Saline County Jail is subject to dismissal as a defendant in this action because it is not a "person" suable under § 1983. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Stone v. Jefferson County Detention Facility*, 838 Fed. Appx. 348, 350 (10th Cir. 2020) (unpublished) (holding county detention facility is not suable entity under § 1983); *Aston v. Cunningham*, 216 F.3d 1086, *4 n.3 (10th Cir. 2000) (unpublished) (stating that dismissal of the Salt Lake County Jail as a defendant "was also required because a detention facility is not a person or legally created entity capable of being sued").

The United States also is subject to dismissal as a Defendant to this action. Generally speaking, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit. [Citations omitted.]" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). There is no indication in this case that the United States has waived its sovereign immunity. Moreover, nothing in the complaint supports a conclusion that the United States is a "person" suable under § 1983 or that it acted "under color of state law," as required to state a claim under § 1983. *See West*, 487 U.S. at 48. A defendant acts "under color of state law" when he or she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted).

The Tenth Circuit has explained:

> Section 1983 is not directed at conduct by federal officials. Instead, it provides a remedy against state actors who violate a federal right, pursuant to state authority. For this reason, federal employees are rarely § 1983 defendants, and "actions of the Federal Government and its officers are at least facially exempt from [§ 1983] proscriptions."

*Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016) (citations omitted). A federal official may be suable under § 1983, for example, if he or she "conspire[s] with state officials to infringe a protected constitutional right.'" *Id.* (citation omitted). But there are no such allegations in the complaint now before this Court. Even liberally construing the pro se complaint and taking all facts alleged in the complaint as true, there is no indication that the United States could be held liable under 42 U.S.C. § 1983 in this case. Thus, the United States is subject to dismissal as a Defendant.

The lack of a proper named Defendant in this matter is enough, by itself, to justify dismissing this action. Rather than immediately imposing such a harsh consequence, the Court will grant Plaintiff time to file a complete and proper amended complaint that states a plausible claim for relief against a proper defendant. In the interest of efficiency, the Court will identify other deficiencies in the complaint so that Plaintiff may ensure those deficiencies are cured in any

amended complaint he chooses to file.

**B. Counts I and II**

Counts I and II contain many of the same asserted violations, so they are dealt with together. The required form complaint includes a space for a plaintiff to identify—with respect to each Count being alleged—the "constitutional rights, privileges or immunities [that] have been violated." (*See* Doc. 1, p. 3.) In Counts I and II, Plaintiff has used this space to identify crimes he believes occurred and to generally allege that he was subjected to excessive force, retaliation, and an abuse of authority. *Id.* As explained below, neither Count I nor Count II states a plausible claim for relief under 42 U.S.C. § 1983.

**1. Criminal Statutes**

To the extent that Plaintiff brings claims in Count I or Count II based on the commission of crimes, such claims are subject to dismissal. "[Section] 1983 does not allow [an individual] to pursue [remedies for] a violation of federal criminal law." *Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. 2007) (unpublished order and judgment) (citing *Newcomb v. Ingle*, 827 675, 676 (10th Cir. 1987); *Clements v. Chapman*, 189 Fed. Appx. 688, 692 (10th Cir. 2006) (unpublished); and *Henry v. Albuquerque Police Dep't*, 49 Fed. Appx. 272, 273 (10th Cir. 2002) (unpublished)). Similarly, "the violation of state criminal statutes is not grounds for relief in a civil action brought under § 1983." *Clay v. Hydro*, 2020 WL 1547814, *1 n.1 (D. Kan. April 1, 2020) (unpublished) (citations omitted). Therefore, Plaintiff should not rely in his amended complaint on assertions that crimes were committed against him. Simply put, even assuming that acts occurred which could be criminally prosecuted, that does not mean that Plaintiff has a plausible claim under 42 U.S.C. § 1983 to recover from the perpetrators.

**2. Abuse of Authority**

To the extent that Plaintiff asserts in Count I that he was subjected to an "abuse of authority," he has failed to state a plausible claim for relief under 42 U.S.C. § 1983. "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, *what specific legal right the plaintiff believes the defendant violated*." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). If Plaintiff wishes to pursue a claim of "abuse of authority," he must identify the specific federal right that he believes was violated.

**3. Excessive Force and Retaliation**

Plaintiff alleges excessive force and retaliation in Counts I and II. Excessive force and retaliation claims may be liberally construed to assert a constitutional violation, as explained below, but Plaintiff has not named a proper defendant to either claim. The alleged facts suggest that Plaintiff bases his claims of excessive force and retaliation on acts taken by K. Bunger and Tedlock Toneys, both of whom may be officers at the Saline County Jail. (Doc. 1, p. 2-3.) But Plaintiff has named neither Toneys nor Bunger as Defendants in this case. *See id.* at 1-2.

If Plaintiff wishes to sue individuals under 42 U.S.C. § 1983, he must name each individual as a Defendant and provide, to the best of his ability, the information about each that the form

requires. *See id.* Plaintiff must also provide additional facts with respect to the alleged excessive force and the alleged retaliation in order to state a plausible claim.

**a. Excessive Force**

A claim of excessive force may arise under the Fourth, Fifth, Eighth, or Fourteenth Amendments. *See Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (unpublished), *cert. denied* Feb. 21, 2023. "The appropriate amendment for a § 1983 excessive-force action 'depend[s] on "where the plaintiff finds himself in the criminal justice system" at the time of the challenged use of force.'" *Id.* at *2 (quoting *McCowan v. Morales*, 945 F.3d 1276, 1282-83 (10th Cir. 2019)). "Thus, a district court evaluating an excessive force claim must first 'isolate the precise constitutional violation with which [the defendant] is charged' because '[t]he choice of amendment matters.'" *Est. of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (quoting *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010)). Liberally construing the complaint, it appears that that the events on which Plaintiff bases his claims occurred during his time as a pretrial detainee, in which case the excessive force claims arise under the "'due process clauses of the Fifth or Fourteenth Amendment and their protection against arbitrary governmental action by federal or state authorities.'" *Geddes*, 2022 WL 3371010, at *5 (quoting *Est. of Booker*, 745 F.3d at 419). Plaintiff must make clear in any amended complaint he files whether the challenged acts occurred while he was a pretrial detainee.

To demonstrate excessive force, a pretrial detainee must provide objective evidence that shows the challenged use of force was not rationally related to a legitimate governmental objective or that it was excessive in relation to that objective. *Id.* at *4 (quoting *Colbruno v. Kessler*, 928 F.3d 1155, 1163 (10th Cir. 2019), which quoted *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Although Plaintiff has identified events in April 2026 that appear to be intended to support

his excessive force claims, he has not alleged sufficient facts for this Court to conclude that the force was not rationally related to a legitimate governmental objective or that the force was excessive in relation to that objective. In other words, Plaintiff details the force that was used on him, but he does not explain the circumstances surrounding the use of force. He fails to allege any events leading up to the use of force or, in the alternative, to allege that the use of force was not prompted by any other events. He simply does not provide additional context for the use of force. Without that context, Plaintiff has failed to state a plausible claim for excessive force.

**b. Retaliation**

Plaintiff also broadly alleges that he was the victim of retaliation, but he fails to provide sufficient facts to support a plausible claim. To state a First Amendment retaliation claim, Plaintiff must show:

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant[s'] actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant[s'] adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Hinkle v. Becham County Bd. of County Comm'rs*, 962 F.3d 1204, 1226 (10th Cir. 2020) (quoting *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

Even liberally construing the complaint, Plaintiff has not identified what activity he believes motivated the alleged retaliation. He simply asserts that he was retaliated against. "Mere allegations of constitutional retaliation will not suffice [to state a plausible claim]; [Plaintiff] must rather allege specific facts showing retaliation because of the exercise of [his] constitutional rights.'" *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted). He "'must prove that "but for" the retaliatory motive, the incidents to which he refers . . . would not have taken place.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted). Plaintiff

"must allege more than his personal belief that he is the victim of retaliation." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Brown v. Sales*, 134 F.3d 382, 1998 WL 42527, *3 (10th Cir. Feb. 4, 1998) (citing an earlier Fifth Circuit decision holding the same). Without additional details about why Plaintiff believes retaliation occurred, he has failed to state a plausible claim for retaliation.

**C. Count III**

Count III, which is based on allegations that Plaintiff's food is being poisoned, is subject to dismissal because it fails to state a plausible claim for relief. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Count III of Plaintiff's complaint does not identify an individual who poisoned his food; instead, Plaintiff uses the collective term "they." He states: "[T]hey are placing meth rat pois[on and] other things in my food" and "they put all type of stuff in my food from chemicals to drugs." (Doc. 1, p. 4 (all errors in original).) At no point does Plaintiff identify a specific individual who put poisonous substances in his food. Even liberally construing the complaint, it is unclear who Plaintiff asserts violated his federal rights. It is also unclear which federal right Plaintiff believes was violated. Without this information, Count III is subject to dismissal for failure to state a plausible claim for relief.

**D. Relief Requested and Motion for Relief (Doc. 7)**

Finally, some of the relief Plaintiff seeks in this case is not available under 42 U.S.C. § 1983. As a reminder, Plaintiff stated in the complaint that he seeks $900,000,000,000,000.00 and an order that his charges be dropped and his record expunged. (Doc. 1, p. 5.) In addition, on August 10, 2026, Plaintiff filed a motion for relief that, liberally construed, seeks to amend his request for relief to include: additional money damages, a star, soil, an order shutting down the Saline County Jail, the transfer of other individuals' assets to Plaintiff, his criminal history sealed or expunged, millions of pounds of gemstones, and a transfer. (Doc. 7.)

To the extent that Plaintiff seeks an order for his release and an order dropping charges that are apparently pending against him in state court, such relief is unavailable in this 42 U.S.C. § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Similarly, Plaintiff's request that his criminal record be expunged is not the sort of injunctive relief available in this § 1983 action. Expungement of Kansas arrest records is governed by K.S.A. 22-2410, which places expungement decisions within the purview of the state district courts. Federal injunctive orders generally bind only types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65(d)(2).

Plaintiff's request for nontraditional forms of relief such as "a star from NASA[,] 100 million pounds of pure soil[,] . . . 200 million pounds of silver" and the like are subject to dismissal because this Court knows of no authority under which it could grant such relief in a U.S.C. § 1983 action. If Plaintiff knows of legal authority that supports such a request, he may provide that authority in his amended complaint if he chooses to file one. At present, however, the motion for

relief (Doc. 7) will be denied. To the extent that Plaintiff wishes to increase the money damages he seeks in this case, he may do so in his amended complaint if he chooses to file one.

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (26-3244) at the top of the first page of his amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which portion of the form they are intended to supplement.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for failure to state a

claim on which relief could be granted. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that the motion for relief (**Doc. 7**) is denied.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **September 18, 2026**, to file a complete and proper amended complaint that cures all the deficiencies discussed in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 11th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge