**FILED**
**U.S. District Court**
**District of Kansas**
08/25/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3244-JWL**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Malik W. Dorsey brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail ("SCJ") in Salina, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 6.) On August 11, 2026, the Court issued a memorandum and order ("M&O") identifying certain deficiencies in the complaint that left this case subject to dismissal in its entirety and granting Plaintiff time to file an amended complaint. (Doc. 8.) This matter comes now before the Court on Plaintiff's amended complaint (Doc. 9), timely filed on August 20, 2026; his motion for relief (Doc. 10), which seeks to amend the relief requested in the amended complaint and was filed on August 24, 2026; and his supplement to his amended complaint (Doc. 11), also filed on August 24, 2026.

## I. The Motion for Relief (Doc. 10) and Supplement to the Amended Complaint (Doc. 11)

Plaintiff's motion for relief (Doc. 10) and his supplement to the amended complaint (Doc. 11) seek to add to the amended complaint requests for relief, facts that support Plaintiff's claims, and a claim of retaliation that was asserted in the initial complaint but not in the amended complaint. The motion (Doc. 10) will be denied and the Court will not take into account the information in the supplement. The M&O clearly informed Plaintiff:

> [A]n amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. . . . The amended complaint must contain all the allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

(Doc. 8, p. 12.) Plaintiff's attempts to add claims and factual allegations to the amended complaint after it was filed is contrary to the M&O's clear instruction.

Moreover, the law does not allow supplements of this sort. Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental pleadings and states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Plaintiff's supplement (Doc. 11) does not allege facts that occurred after he filed his amended complaint on August 20, 2026. Rather, it alleges facts related to Count I—the alleged use of excessive force by Defendant Bunger, which occurred in April 2026—well before the amended complaint was filed. Accordingly, Rule 15(d) does not allow Plaintiff's "supplement."

Subsection (a)(1) of Rule 15 establishes a party's entitlement to amend his or her complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). But Plaintiff has already amended his complaint once, so Rule 15(a)(1) also does not control. Rule 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Local Rule 15.1(a) sets forth the steps that a party must follow if he or she wishes to amend a pleading that may not be amended as a matter of right, which includes submitting a motion for

leave to amend the pleading and attaching to that motion the proposed pleading. Plaintiff has not filed a proper motion to file a second amended complaint that complies with the requirements set forth in the local rules. Rather, his two latest filings—the motion for relief and the supplement—appear to be procedurally improper attempts to further amend the amended complaint. For the reasons explained below, Plaintiff will be allowed one final opportunity to file an amended pleading. To be clear, however, the Court does not anticipate allowing further amendments beyond this final opportunity. If Plaintiff chooses to file a second amended complaint, he must ensure that all claims and factual allegations he wishes to pursue in this case are included in his second amended complaint, that all claims and defendants in the second amended complaint are properly joined, and that the second amended complaint contains sufficient alleged facts to state a plausible claim against each named Defendant.

## II. The Amended Complaint (Doc. 9)

In the amended complaint, Plaintiff names SCJ Officers Logan Andrew Toneys and Kaiden Matthew Bunger as Defendants. (Doc. 9, p. 1-2.) As the background of the case, Plaintiff explains that Defendant Bunger punched him three times instead of restraining him and that one of the Defendants picked him up by his neck and choked him. *Id.* at 2. In Count I, Plaintiff asserts that Defendant Bunger used excessive force on him in violation of his Fourth, Fifth, and Fourteenth Amendment rights. *Id.* at 3. As supporting facts for Count I, Plaintiff alleges that on the morning of April 15, 2026, he was slammed to the ground. *Id.* At that point, instead of simply restraining him, Defendant Bunger struck Plaintiff three times with a closed fist, which Plaintiff asserts was excessive force. *Id.*

In Count II, Plaintiff alleges that Defendant Toneys used excessive force on him in violation of his Fourth, Fifth, and Fourteenth Amendment rights. *Id.* As supporting facts for Count

II, Plaintiff alleges that around 11:00 a.m. on April 24, 2026, Defendant Toneys slammed Plaintiff's head into the ground three times and attempted to break his neck. *Id.* In Count III, Plaintiff asserts that on April 16, 2026, Defendant Toneys similarly used unconstitutional excessive force on him by "smacking" him and slamming his head into the ground three times. *Id.* As relief in this case, Plaintiff seeks to have Defendants' "taxes sent to [Plaintiff]," all of their assets "placed in [Plaintiff's] name," the termination of both Defendants' employment at the SCJ, an order directing Defendants to "bond [Plaintiff] out," the criminal prosecution of both Defendants, and $900,000,000.00 in money damages. *Id.* at 5.

## III. Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The applicable screening standards are set forth in detail in the M&O and will not be repeated in full here. (*See* Doc. 8, p. 3-4.) It is sufficient to again note that during the screening, the Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. Discussion

### A. Count I

The Court concludes that Count I, when liberally construed, asserts a plausible claim for relief against Defendant Bunger based on the use of unconstitutional excessive force. Thus, Count I, as it is pled in the amended complaint, passes screening.

**B. Counts II and III**

Counts II and III of the amended complaint, on the other hand, do not pass screening. First, they do not appear to be properly joined in a lawsuit with Count I. Federal Rule of Civil Procedure[1] 20(a)(2) governs permissive joinder of defendants and provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Federal Bureau of Prisons*,

[1] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed connection in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. In the amended complaint now before the Court, Plaintiff's multiple claims do not involve all named Defendants nor do they all arise from the same transaction or occurrence and involve common questions of law or fact. Rather, Count I alleges excessive force by Defendant Bunger on April 15, 2026; Count II alleges excessive force by Defendant Toneys on April 24, 2026; and Count III alleges excessive force by Defendant Toneys on April 16, 2026. (Doc. 9, p. 3-4.) Thus, the complaint appears to violate both Rule 18(a) and 20(a)(2) because it brings claims against two defendants based on three separate incidents of excessive force, two by one defendant and one by the other.

The Federal Rules authorize the Court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 Fed. Appx. 877, 881 (10th Cir. 2011) (holding that to remedy improperly joined claims or parties, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). Thus, the Court could sever the claims in Counts II and III, which are brought against Defendant Toneys,

into a new case. Counts II and III of the amended complaint also fail to state a plausible claim for relief, however, so the new case would immediately be subject to dismissal. The Court therefore is inclined to dismiss Counts II and III—and dismiss Defendant Toneys—without prejudice instead of severing them into a new case.

As explained in the M&O:

> To demonstrate excessive force, a pretrial detainee must provide objective evidence that shows the challenged use of force was not rationally related to a legitimate governmental objective or that it was excessive in relation to that objective. *Id.* at *4 (quoting *Colbruno v. Kessler*, 928 F.3d 1155, 1163 (10th Cir. 2019), which quoted *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Although Plaintiff has identified events in April 2026 that appear to be intended to support his excessive force claims, he has not alleged sufficient facts for this Court to conclude that the force was not rationally related to a legitimate governmental objective or that the force was excessive in relation to that objective. In other words, Plaintiff details the force that was used on him, but he does not explain the circumstances surrounding the use of force. He fails to allege any events leading up to the use of force or, in the alternative, to allege that the use of force was not prompted by any other events. He simply does not provide additional context for the use of force. Without that context, Plaintiff has failed to state a plausible claim for excessive force.

(Doc. 8, p. 8-9.)

When Count I of the amended complaint is liberally construed, Plaintiff has provided sufficient context to state a plausible claim because Count I alleges that there was no need for Defendant Bunger to punch Plaintiff—Plaintiff could have been restrained at that point in the incident. Counts II and III of the amended complaint, in contrast, fail to provide additional details about the force used by Defendant Toneys. Rather, Counts II and III simply state the dates and times on which Defendant Toneys smacked and/or slammed Plaintiff to the ground three times and baldly allege that Defendant Toneys "attempted to snap [Plaintiff's] neck." (Doc. 9, p. 3-4.)

The Court recognizes that Plaintiff alleges that Defendant Toneys used a great deal of force on Plaintiff. But Plaintiff has not described any events leading to this use of force or otherwise

alleged facts regarding the circumstances surrounding the use of force, so the Court cannot evaluate whether the level of force was warranted. In other words, without more detail regarding the events that led to these uses of force, the Court cannot plausibly conclude that the force was *not* rationally related to a legitimate governmental objective or that the force was excessive in relation to that objective.

If Plaintiff wishes to file a second amended complaint that alleges sufficient facts to state a plausible claim for relief against Defendant Toneys, he may do so by the deadline set forth in this order. Plaintiff must understand, however, that if he chooses to file a second amended complaint, it will be screened under the same standards applied to the initial complaint and the amended complaint. The Court will treat any second amended complaint as complete in and of itself. (*See* Doc. 8, p. 12 (explaining that an amended complaint completely replaces any previously filed complaint).) If Plaintiff files a second amended complaint, he must ensure that he alleges sufficient facts in that second amended complaint to again state a plausible claim against Defendant Bunger. If he fails to do so, the fact that he stated a plausible claim against Defendant Bunger in Count I of the *amended* complaint will not save Count I from dismissal.

In addition, if Plaintiff files a second amended complaint, it must contain only properly joined claims and parties. If the second amended complaint includes plausible but misjoined claims against Defendant Toneys and against Defendant Bunger, the claims against Defendant Toneys will be severed, meaning they will be used to start a different case that will be assigned a different case number. Plaintiff will then be required to either move for leave to proceed in forma pauperis in the new case or pay the required filing fee. The two cases will proceed separately.

In light of this information, if Plaintiff agrees that his claims against Defendant Toneys cannot be properly joined in one case with his claim against Defendant Bunger, he may choose not

to file a second amended complaint and instead proceed in this case only on the claim in Count I against Defendant Bunger. If Plaintiff does not wish to file a second amended complaint, he should file a written notice in this case so stating. If Plaintiff files a written notice stating he does not wish to file a second amended complaint or he fails to respond to this order by the deadline, the Court will dismiss Defendant Toneys, Count II, and Count III from this case without prejudice[2] and the case will proceed only on Count I against Defendant Bunger.

**C. Relief Requested**

As noted above, Plaintiff seeks the following relief in this case: (1) to have Defendants' "taxes sent to [Plaintiff]," (2) all of Defendants' assets "placed in [Plaintiff's] name," (3) the termination of both Defendants' employment at the SCJ, (4) an order directing Defendants to "bond [Plaintiff] out," (5) the criminal prosecution of both Defendants, and (6) $900,000,000.00 in money damages. (Doc. 9, p. 5.) Plaintiff's requests for Defendants' "taxes" and assets and his request that Defendants be required to "bond [him] out" are subject to dismissal because, as with the nontraditional forms of relief Plaintiff sought in his initial complaint, the Court knows of no authority under which it could grant such relief in a 42 U.S.C. § 1983 action. (*See* Doc. 8, p. 11-12.) If Plaintiff knows of legal authority authorizing the award of such relief, he may provide that authority to the Court in either his second amended complaint or a written response to this order.

Plaintiff's request that the Defendants' employment be terminated also must be dismissed because this Court lacks the authority to order such relief. *See Belles v. Lasswell*, 2020 WL

---

[2] A dismissal "without prejudice" is a "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." See *Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, a dismissal without prejudice of Plaintiff's claims against Defendant Toneys would not, by itself, preclude Plaintiff from filing a new 42 U.S.C. § 1983 action against Defendant Toneys based on the same claims of excessive force, providing that Plaintiff complies with other procedural requirements, including the statute of limitations and alleging sufficient facts to state a plausible claim for relief.

5993261, *1 (D. Kan. Oct. 9, 2020) (unpublished) (addressing the plaintiff's request in a § 1983 action for the termination of a defendant's employment and collecting cases showing that this Court "is without authority to grant such relief"). Plaintiff's request for the criminal prosecution of Defendants as relief in this case also must be dismissed. This Court cannot order the criminal prosecution of an individual; "such an order would improperly intrude upon the separation of powers." *See Presley v. Presley*, 102 Fed. Appx. 636, 636 (10th Cir. 2004) (unpublished). In summary, all of Plaintiff's requests for relief other than his request for money damages are subject to dismissal.

**V. Conclusion**

The Court has screened the amended complaint and concludes that Count I passes screening, but Counts II and III are improperly joined to Count I. Generally speaking, a Court should sever misjoined claims—meaning place them into a new case under a new case number—but Counts II and III as pled in the amended complaint are not supported by sufficient facts to state a plausible claim for relief. Therefore, the Court is inclined to dismiss Counts II and III without prejudice and proceed in this case on Count I against Defendant Bunger alone.

Plaintiff will be granted time to decide how to proceed in this case. If Plaintiff believes his claims against Defendant Toneys can be properly joined with his claim against Defendant Bunger, he may file a second amended complaint that includes only properly joined, plausible claims that are supported by sufficient factual allegations. The Court will screen the second amended complaint and issue further orders as necessary. Or, if Plaintiff chooses not to file a second amended complaint, he may file a written notice to this Court advising the Court of that decision. The Court will then dismiss Defendant Toneys and Counts II and III from this case without prejudice and will order service on Defendant Bunger. Finally, if Plaintiff fails to respond to this

order by the deadline, the Court will dismiss Defendant Toneys and Counts II and III from this case without prejudice and will order service on Defendant Bunger.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **September 26, 2025,** in which to comply with this order. The clerk is directed to send the forms and instructions for Plaintiff to file a second amended complaint if he chooses to do so. Plaintiff is advised to carefully read this order in full before submitting a second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief (**Doc. 10**) is **denied** for the reasons stated in this order.

**IT IS SO ORDERED**.

DATED: This 25th day of August, 2026**,** at Kansas City, Kansas**.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**