**FILED**
**U.S. District Court**
**District of Kansas**
10/15/2026
**Clerk, U.S. District Court**
**By:** MSB **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3244-JWL**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Malik W. Dorsey brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail ("SCJ") in Salina, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 6.) On September 28, 2026, the Court issued a memorandum and order dismissing certain claims in the operative second amended complaint and ordering a *Martinez* Report on the remaining claim against the remaining defendant. (Doc. 23.) The *Martinez* Report is currently due on or before November 9, 2026.

On October 14, 2026, the Court received from Plaintiff a "Motion to Seal Documents from Public Record." (Doc. 24.) The top of the motion lists the case numbers of five cases[1] Plaintiff has filed in this Court. It states only: "I would like to seal these documents from public record please [and] thanks not the opposite sealed from public record perman[e]ntly." *Id.* (capitalization normalized, all other errors in original).

[1] The motion was filed only in this case, which was the first case number listed on the motion. As stated in the Case Opening Notice mailed to Plaintiff when he began this case:

> Do not file one document with multiple case numbers listed or request filing in all of your pending cases. Documents without a case number may not be filed, and documents with multiple case numbers will only be filed in the first case number listed. If you are pursuing more than one action in this Court, you must submit a separate original document with the appropriate case number for each action in which you want the document filed.

The Tenth Circuit has explained:

> Courts ‘recognize a general right to inspect and copy public records and documents, including judicial records and documents.” *Nixon v. Warner Commc’ns, Inc.*, 435 U.S. 589, 507, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (footnote omitted). That is why we apply “a ‘strong presumption in favor of public access.’” *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Parties may rebut this presumption by demonstrating that “countervailing interests heavily outweigh the public interests in access.” *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

*United States v. Johnson*, 125 F.4th 1352, 1360 (10th Cir. 2025).

Even liberally construing the pro se motion, it does not contain any reason why this case should be sealed. Therefore, Plaintiff has not rebutted the strong presumption in favor of public access to records. The motion will be denied. Additionally, the Court notes that the motion was unsigned. Plaintiff is reminded that must sign all “pleading, written motion, and other paper” filed in this Court. *See* Fed. R. Civ. P. 11(a).

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to seal (**Doc. 24**) is **denied** for the reasons stated in this order.

**IT IS SO ORDERED**.

DATED: This 15th day of October, 2026, at Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**